JUDGE SWAIN

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
Scanda Navigation Valletta
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

**07 CV 10939**

*NOV 30 2007 U.S.D.C. S.D.N.Y. CASHIERS*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SCANDA NAVIGATION VALLETTA,

          Plaintiff,

    v.

HEAVENS GATE SHIPPING INC.

          Defendant.
------------------------------------------------------------X

07 CV _____ (___)

**VERIFIED COMPLAINT**

Plaintiff SCANDA NAVIGATION VALLETTA (hereinafter "SCANDA"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendant, HEAVENS GATE SHIPPING INC. (hereinafter "HGS"), alleges upon information and belief as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

### THE PARTIES

2. At all times material hereto, Plaintiff SCANDA was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country

operating under foreign law with a registered address at 18/2 South Street, Valletta, Malta.

3.  The plaintiff SCANDA is the owner of the vessel M/V SCANDA, and the primary business of SCANDA is to charter the M/V SCANDA to others for the carriage of cargo in exchange for payments of hire or freight.

4.  At all times material hereto, defendant HGS was and still is a foreign business entity duly organized and existing pursuant to the laws of Panama, but operating from the offices of Holbud Ship Management Ltd. at 66 Lehman Street, London, E1 8EU, United Kingdom.

5.  The defendant HGS is engaged in the business of transporting cargoes by ocean vessel.

## AS AND FOR A CAUSE OF ACTION FOR BREACH OF MARITIME CONTRACT

6.  On September 11, 2007, plaintiff SCANDA, as owner of the ocean-going vessel M/V SCANDA, entered into a charter party contract with defendant HGS, as charterer, whereby defendant HGS hired the M/V SCANDA for a time charter trip of about 60 days to carry HGS' cargo of bulk grain or grain products within agreed upon trading limits.

7.  The charter contract, dated September 11, 2007, required HGS to pay SCANDA the sum of $45,000 per day as hire for the M/V SCANDA.

8.  The charter party contract between plaintiff SCANDA and defendant HGS is a maritime contract.

9.  The maritime contract charter party between the plaintiff SCANDA and defendant HGS incorporated the terms of conditions of a charter party for the M/V

APOLLONIA dated 02/07/09, which provided that any disputes arising out of the maritime contract shall be governed by English law and shall be referred to arbitration in London.

10. Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

11. On November 20, 2007, a final hire payment in the amount of $519,289.34 became due and owing from HGS to SCANDA.

12. HGS failed, and has still failed, to pay $389,698.09 of the final hire payment.

13. HGS' failure to make timely payment of the hire when it became due constitutes a breach of the charter party and, therefore, SCANDA has a maritime claim against HGS for breach of charter party in the principal amount of $389,698.09.

14. In accordance with the terms and conditions of the charter party, the plaintiff SCANDA is preparing to initiate arbitration proceedings against HGS in London.

15. As noted above, interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration and SCANDA estimates that, including the principal claim for hire, it will be awarded the following sums in London arbitration:

| | |
|---|---|
| Principal Claim: | $ 389,698.09 |
| Interest for 3 years at 8%: compounded quarterly | $ 104,533.31 |
| Attorney's fees & costs: | $ 150,000.00 |
| **Total Claim:** | **$ 644,231.40** |

## PRAYER FOR RELIEF

16. Notwithstanding the fact that the liability of the defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District and held by various parties, as garnishees.

17. Plaintiff SCANDA believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

18. As set forth in the accompanying affidavit of Owen F. Duffy, the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

19. Because this Verified Complaint sets forth an *in personam* maritime claim against the defendant and because the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the defendant

and/or *quasi in rem* jurisdiction over the property of the defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A. That the defendant be summoned to appear and answer this Verified Complaint;

B. That the defendant not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* US $644,231.40, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D. That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
November 30, 2007

                                        CHALOS, O'CONNOR & DUFFY, LLP
                                        Attorneys for Plaintiff,
                                        SCANDA NAVIGATION VALLETTA

By:      _____
          Owen F. Duffy (OD-3144)
          George E. Murray (GM-4172)
          366 Main Street
          Port Washington, New York 11050
          Tel:  (516) 767-3600
          Fax:  (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
Scanda Navigation Valletta
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SCANDA NAVIGATION VALLETTA,

      Plaintiff,

                07 CV _____ (_____)

   v.

                **VERIFICATION**

HEAVENS GATE SHIPPING INC.,

      Defendant.
------------------------------------------------------------------X
STATE OF NEW YORK  :
          : ss.
COUNTY OF NASSAU  :

  BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy, who, after being duly sworn, did depose and state:

  1.  That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, SCANDA NAVIGATION VALLETTA, herein;

  2.  That he has read the foregoing complaint and knows the contents thereof;

  3.  That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4. That the reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
November 30, 2007

By: _____

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
SCANDA NAVIGATION VALLETTA

Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

Subscribed and sworn to before me this
November 30, 2007

_____
Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

2